IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHNNY MCGEE AND § | | |
| MICHELLE MCGEE § | | |
|     Plaintiffs, § | | |
| § | | |
| v. § | | Civil Action No. 3:23-CV-00220-L |
| § | | |
| ASI LLOYDS § | | |
|     Defendant. § | | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW**, Johnny McGee and Michelle McGee, Plaintiffs herein, and file this, their First Amended Complaint against ASI Lloyds (previously misnamed in Plaintiff's Original Petition as ASI Lloyds, Inc.,/Progressive Home Claims), Defendant herein, and would respectfully show unto the Court the following:

### I.     PARTIES

1.1.    Plaintiffs Johnny McGee and Michelle McGee (hereinafter, collectively "Plaintiffs" and/or "Mr. and Mrs. McGee") are individuals residing in Dallas County, Texas.

1.2.    Defendant ASI Lloyds (hereinafter, "Defendant" and/or "ASI") is a foreign insurance company licensed to conduct business in the State of Texas. Defendant has been properly served and has appeared herein through counsel.

### II.     JURISDICTION AND VENUE

2.1.    The United States District Court has jurisdiction over this suit pursuant to 28 U.S.C. §1332(a)(1) as the dispute arises wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

2.2.    Jurisdiction is proper because there is complete diversity between the parties. *See*

---

28 U.S.C. § 1332(a). Plaintiffs are individuals, residents and citizens domiciled in the State of Texas. Thus, for diversity purposes, Plaintiffs are citizens of Texas. *See* 28 U.S.C. § 1332(a). ASI Lloyds is a Texas Lloyds company whose individual underwriters are resident and intent to continue to reside in the State of Florida. *See Defendant ASI Lloyds's Notice of Removal* (ECF 1) at 3. Thus, for diversity purposes, ASI Lloyds is a citizen of Florida. *Id*. Accordingly, complete diversity of citizenship exists between Plaintiffs and ASI Lloyds.

2.3. Further, jurisdiction is proper because the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a). The amount in controversy is more than $75,000, not including interest and costs of court, because the Plaintiffs seek $34,570.33 in actual damages as well as the statutory treble damages claimed under the Texas Deceptive Trade Practices Act and Texas Insurance Code, which would exceed $75,000.00. Plaintiffs additionally seek interest, costs, and attorney fees, as set forth herein.

2.4. Venue is proper in this District under 28 U.S.C. §1391(b)(2) because a substantial part of the property at issue is situated in this district, and under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

### III.   CONDITIONS PRECEDENT

3.1. All conditions precedent to Plaintiffs' recovery have been performed, have occurred, have been waived, or are excused.

### IV.   FACTS

4.1. ASI, d/b/a Progressive Home Claims, sold homeowners insurance policy number TXL752005 (hereinafter, the "Policy") to named insureds Johnny McGee and Michelle McGee to insure their property located at 117 Brighton Dr. Desoto, Texas 75115-6129, which was built in 2018 (hereinafter, the "Property").

4.2. The Policy was in effect during all periods relevant hereto, with effective dates from December 13, 2020 through December 13, 2021.

4.3. Plaintiffs paid all premiums due under the Policy, and the Policy was in effect at the time of the loss made the subject of this lawsuit.

4.4. On May 10, 2021, during the effective dates of the Policy, the insured residence sustained damage from hail. Plaintiffs informed Defendant of the loss and ASI assigned claim number 919686-214402 (hereinafter, the "Claim").

4.5. On or about June 24, 2021, Plaintiffs contacted 911 Exteriors for an estimate of repairs to the storm damage sustained by the Property. Plaintiffs contracted with 911 Interiors to complete the necessary repairs.

4.6. On June 30, 2022, 911 Exteriors and an independent adjuster on behalf of ASI inspected the Property.

4.7. On July 20, 2021, ASI issued a letter denying coverage of Claim due to alleged lack of visible hail damage and defects to shingles not caused by the storm. Specifically, ASI cited "wear and tear, deterioration or loss caused by any quality in property that causes it to damage or destroy itself", and existing "[d]amages which incurred prior to policy inception" as applicable exclusions in the Policy.

4.8. On September 7, 2021, Plaintiffs requested an appraisal ("Appraisal") due to the disagreement in the "amount of loss", pursuant to Section 1(7) of the Policy.

4.9. Plaintiffs made written demand and simultaneously notified ASI of their selected competent, independent appraiser, which, Per Section 1(7) of the Policy, set a deadline of September 27, 2021 for ASI to notify Plaintiffs of its selected appraiser.

4.10. On September 16, 2021, Defendant issued its rejection of Plaintiff's Appraisal

request "as no coverage had been provided on the claim". ASI again reiterated its denial reasons provided in its previous letter of July 20, 2021.

4.11. Plaintiffs were forced to hire counsel due to the continued bad faith conduct of ASI in investigating and adjusting the Claim and rejecting the valid invocation of Appraisal.

4.12. On November 17, 2021 Plaintiff's counsel attempted to invoke Appraisal on Plaintiff's behalf, which was again, rejected by ASI on November 27, 2021 "as no coverage was provided on the Claim"

4.13. A final attempt was made to validly invoke appraisal on December 13, 2021.

4.14. On March 30, 2022, Plaintiffs sent pre-suit notice and demand to ASI pursuant to the Texas Business & Commerce Code, commonly referred to as the Texas Deceptive Trade Practices Act (hereinafter, "DTPA"), Chapters 541 and 542A of the Texas Insurance Code, and related provisions of the Texas Administrative Code.

4.15. On April 14, 2022, additional documentation was provided to ASI at its request for consideration.

4.16. On May 16, 2022, a reinspection by Defendant was completed.

4.17. On May 26, 2022, Defendant issued yet another rejection of Plaintiff's Appraisal request "as no coverage had been provided on the claim" and continued to maintain, despite multiple opportunities to rectify its denial, that "there is no storm related damage to the roof" at the Property.

4.18. Defendant's failure to reasonably adjust, investigate and timely pay Plaintiffs an appropriate amount for their covered losses and damages sustained during the Policy period and continual refusal to accept and participate in the validly invoked appraisal are breaches of the terms of the Policy, common law and statutory duties and blatant violations of the Texas

Insurance Code, and the Deceptive Trade Practices Act. Defendant's failures, acts and omissions have damaged Plaintiffs for which they sue herein.

## V.     COUNT ONE – BREACH OF CONTRACT

5.1.    Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

5.2.    This is an action against Defendant for breach of a first party insurance contract, the Policy. Plaintiffs are the named insured under the Policy and the Policy was in full force and effect as to the Plaintiffs and the Property at all times material to the facts as set forth herein.

5.3.    Plaintiffs have performed all conditions to Defendant's obligation to perform under the Policy, including without limitation, the timely payment of premiums, timely notice of the Claim, mitigation of the damages to the Property, and temporary repairs to prevent further damage. Plaintiff's also provided the requisite statutory notice to Defendant of their claims. Defendant has waived any and all other conditions.

5.4.    Defendant is required to compensate Plaintiffs for all direct physical losses from a loss event under the terms of the Policy.

5.5.    Defendant's denial of coverage and refusal to pay the full amount of the claim is contrary to the terms of the Policy and Texas law and constitutes a breach of said contract of insurance causing further delay in restoring Plaintiffs' Property to its pre-loss condition.

5.6.    Defendant has further breached its obligations under the Policy in one or more of the following ways: (i) Failing to pay full benefits due in a timely manner in accordance with the terms of the Policy; (ii) Failing to properly investigate the Claim; (iii) Failing to provide a reasonable explanation of the basis for denying the Claim;[1] and/or (iv) Failing to promptly and

---

[1] *See* TEX. INS. CODE ANN. §541.060 (a)(3).

equitably pay the claim once liability had become reasonably clear.[2]

5.7. Further, Defendant has breached its obligations under the Policy by improperly disregarding the validly invoked appraisal request.[3]

5.8. As a direct and proximate result of Defendant's breaches of said contract of insurance, Plaintiffs have been damaged by having not been compensated for the damage sustained to the Property, which is owed under the terms of the Policy.

5.9. Plaintiffs have been and remain fully prepared to comply with all obligations pursuant to the Policy.

5.10. As a direct and proximate result of Defendant's refusal to pay Plaintiffs' Claim, Plaintiffs have been required to retain the services of the undersigned attorneys. Plaintiffs are obligated to pay a reasonable fee for the undersigned attorneys' services in bringing this action, plus necessary costs.

5.11. In the event that Plaintiffs prevail in this action, Plaintiffs are entitled to recover reasonable attorney's fees and costs from Defendant pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code.[4]

5.12. All of the foregoing conduct of Defendant constitutes a breach of contract, which has resulted in damages to Plaintiffs.

## VI. COUNT TWO – VIOLATIONS OF THE TEXAS INSURANCE CODE

6.1. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

---

[2] *See* TEX. INS. CODE ANN. §541.060 (a)(2)(A); *See also* 28 TEX. ADMIN. CODE §21.203(4).

[3] See *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009): "When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong. And when the parties disagree whether there has been any loss at all, nothing prevents the appraisers from finding "$0" if that is how much damage they find." See also, *In re Liberty Ins. Corp.*, 496 S.W.3d 229, 233 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

[4] TEX. CIV. PRAC. & REM. CODE §38.001.

6.2. Defendant's denial of coverage and refusal to pay the full amount of the claim is contrary to the terms of the Policy and Texas law and constitutes a violation of the Texas Insurance Code causing further delay in restoring Plaintiffs' Property to its pre-loss condition.

6.3. Further, Defendant has breached its obligations under the Policy and violated the Texas Insurance Code by improperly disregarding the validly invoked appraisal request and by asserting misstatements of the Policy, law and fact surrounding the validity of Plaintiff's invocation of appraisal.

6.4. Defendant's acts, omissions, failures, and conduct that are described in this Petition violate provisions of Chapter 541 and Chapter 542 of the Texas Insurance Code[5] and are actionable pursuant to Section 541.151 of the Texas Insurance Code. In this respect, Defendant's violations include, without limitation:

    a. Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, to misrepresent the Policy by:

        i. Making an untrue statement of material fact;[6]

        ii. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;[7]

        iii. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;[8] and,

        iv. Making a material misstatement of law.[9]

    b. Engaging in an unfair method of competition, or an unfair and deceptive act and practice in the business of insurance, with respect to the Claim, by:

---

[5] TEX. INS. CODE §541 et. seq.

[6] *See* TEX. INS. CODE ANN. §541.061(1); *See also* 28 TEX. ADMIN. CODE §21.3.

[7] *See* TEX. INS. CODE ANN. §541.061(2).

[8] *See* TEX. INS. CODE ANN. §541.061(3).

[9] *See* TEX. INS. CODE ANN. §541.061(A)(1), (2), (3) & (4).

      i. Misrepresenting a material fact or policy provision relating to the coverage at issue;[10]

      ii. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim with respect to which the insurer's liability had become reasonably clear;[11]

      iii. Failing to promptly provide a reasonable explanation of the basis in the Policy, in relation to the facts and applicable law, for denial of the Claim and/or offer of a compromise settlement of the Claim;[12] and,

      iv. Refusing to pay the amounts duly owed regarding the Claim without conducting a reasonable investigation with respect to the Claim.[13]

6.5.    Accordingly, Plaintiffs seek herein actual damages, court costs, and reasonable and necessary attorneys' fees.[14] Because Defendant acted knowingly, Plaintiffs seek treble damages pursuant to Section 541.152(b) of the Texas Insurance Code.[15]

## VII.   COUNT THREE – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

7.1.    Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

7.2.    Plaintiffs are consumers under the Texas Deceptive Trade Practices Act (hereinafter, the "DTPA") because Plaintiffs are individuals (as defined by the Act) who acquired goods/services from Defendant by purchase.[16]

7.3.    Defendant's denial of coverage and refusal to pay the full amount of the claim is contrary to the terms of the Policy and Texas law and constitutes a violation of the DTPA

---

[10] *See* Tex. Ins. Code Ann. §541.060 (a)(1); *See also* 28 Tex. Admin. Code §21.203(1).

[11] *See* Tex. Ins. Code Ann. §541.060 (a)(2)(A); *See also* 28 Tex. Admin. Code §21.203(4).

[12] *See* Tex. Ins. Code Ann. §541.060 (a)(3).

[13] *See* Tex. Ins. Code Ann. §541.060 (a)(7); *See also* 28 Tex. Admin. Code §21.203(15).

[14] Tex. Ins. Code §541.152(a)(1).

[15] Tex. Ins. Code §541.152(b).

[16] Tex. Bus. & Com. Code §17.45(4).

causing further delay in restoring Plaintiffs' Property to its pre-loss condition.

7.4. Further, Defendant has breached its obligations under the Policy and violated the DTPA by improperly disregarding the validly invoked appraisal request and by asserting misstatements of the Policy, law and fact surrounding the validity of Plaintiff's invocation of appraisal, thereby engaging in an unconscionable action or course of action, to Plaintiffs' detriment, that took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[17]

7.5. As described herein, Defendant represented to Plaintiffs that the Policy and Defendant's adjusting and investigative services had characteristics or benefits that they clearly did not have.[18]

7.6. By its acts, omissions, failures, and conduct that are described in this Petition, Defendant violated Section 17.46 et. seq. of the Texas Business & Commerce Code, commonly referred to as the DTPA. Particularly, Defendant violated the DTPA by engaging in false, misleading, or deceptive acts or practices that Plaintiffs justifiably relied on to their detriment. In this respect, Defendant's violations include, without limitation:

    a. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which the person does not;[19]

    b. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;[20]

    c. Advertising goods or services with intent not to sell them as advertised[21]

---

[17] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).

[18] *See* TEX. BUS. & COM. CODE §17.45(b)(5), (7), (10),(12) and (24).

[19] *See* TEX. BUS. & COM. CODE §17.45(b)(5).

[20] *See* TEX. BUS. & COM. CODE §17.45(b)(7).

[21] *See* TEX. BUS. & COM. CODE §17.45(b)(10).

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**　　　　　　　　　　　　　　　　　　**PAGE 9 OF 18**

                and representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve;[22]

    d.    Failing to disclose information about goods or services that was known at the time of the transaction if the failure to disclose was intended to induce the consumer to enter into a transaction that the consumer would not have entered into if the information had been disclosed;[23] and,

    e.    Engaging in an unconscionable action or course of action, to Plaintiffs' detriment, that took advantage of Plaintiffs' lack of knowledge, ability, experience, or capacity to a grossly unfair degree.[24]

7.7.    All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages as set forth herein. Accordingly, Plaintiffs seek their actual damages, court costs, and reasonable and necessary attorneys' fees.[25]

7.8.    Additionally, because Defendant acted knowingly and intentionally, Plaintiffs are entitled to recover treble damages under DTPA Section 17.50(b)(1).[26] Defendant acted knowingly because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the acts or practices giving rise to Plaintiffs' claim.[27] Further, Defendant acted intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception, or unfairness of the act or practice and acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception, or in detrimental ignorance of the unfairness.[28]

---

[22] *See* TEX. BUS. & COM. CODE §17.45(b)(12).

[23] *See* TEX. BUS. & COM. CODE §17.45(b)(24).

[24] *See* TEX. BUS. & COM. CODE §17.45(5); §17.50(a)(3).

[25] TEX. BUS. & COM. CODE §17.50(d).

[26] TEX. BUS. & COM. CODE §17.50(b)(1).

[27] TEX. BUS. & COM. CODE §17.45(9).

[28] TEX. BUS. & COM. CODE §17.45(13).

## VIII. COUNT FOUR – BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING

8.1. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

8.2. By its acts, omissions, failures, and conduct, Defendant has breached its common law duty of good faith and fair dealing.[29] Defendant had no reasonable basis for denying or delaying payment of Plaintiffs' Claim, and Defendant knew or should have known that there was no reasonable basis for denying or delaying payment of Plaintiffs' Claim.[30]

8.3. By its acts, omissions, failures, and conduct, Defendant has also engaged in unfair and deceptive acts or practices in the business of insurance in violation of the Texas Administrative Code.[31]

8.4. These common law and Administrative Code violations include, without limitation, the conduct described in this Petition, including:

    a. Engaging in false, misleading, and deceptive acts or practices in the business of insurance;

    b. Engaging in unfair claims settlement practices the business of insurance;[32]

    c. Misrepresenting to claimants pertinent facts or policy provisions relating to coverages at issue;[33]

    d. Failing to acknowledge with reasonable promptness pertinent communications with respect to the Claim;[34]

    e. Failing to attempt in good faith to effectuate prompt, fair, and equitable settlement of the Claim submitted when liability under the Policy became reasonably clear;[35]

---

[29] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 50-51 (Tex. 1997); *Transportation Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994); *Aranda v. Insurance Co. of N. Am.*, 748 S.W.2d 210, 213 (Tex. 1988).

[30] *Id.*

[31] TEX. ADMIN. CODE §21.203 et. seq.

[32] TEX. ADMIN. CODE §21.203 et. seq.

[33] TEX. ADMIN. CODE §21.203(1).

[34] TEX. ADMIN. CODE §21.203(2).

    f.  Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement;[36]

    g.  Failing to affirm or deny coverage of a claim to a policyholder within a reasonable time;[37]

    h.  Refusing to pay amounts due and owing on the Claim without conducting a reasonable investigation with respect to the Claim;[38] and,

    i.  Failing to respond promptly to a request by a claimant for personal contact about review of the Claim.[39]

  8.5. Defendant knowingly breached its duty of good faith and fair dealing and engaged in unfair settlement practices with respect to Plaintiffs' Claim, when Defendant's liability had become reasonably clear.[40]

  8.6. These acts, omissions, failures, and conduct of Defendant were committed knowingly and intentionally and are a proximate cause of Plaintiffs' damages, as sought herein.

  8.7. Because Defendant has breached its common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of the duty. Such additional costs include economic hardship, losses due to non-payment of the amount owed to Plaintiffs, and/or exemplary damages for emotional distress.

---

[35] TEX. ADMIN. CODE §21.203(4).

[36] TEX. ADMIN. CODE §21.203(9).

[37] TEX. ADMIN. CODE §21.203(10).

[38] TEX. ADMIN. CODE §21.203(15).

[39] TEX. ADMIN. CODE §21.203(16).

[40] *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 55 (Tex. 1997).

## IX.   COUNT FIVE – NEGLIGENCE

9.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

9.2.   Defendant owed a duty to Plaintiffs to reasonably investigate the Claim, adjust the Claim, pay the Claim in a timely manner and otherwise discharge its duties under the Policy in a non-negligent manner, in keeping with appropriate standard of care.[41]

9.3.   Defendant breached its duties owed to Plaintiffs by failing to reasonably investigate the claim, failing to reasonably adjust the Claim, failing to pay the Claim in a timely manner and failing it otherwise discharge its duties under the Policy in a non-negligent manner, in keeping with the appropriate standard of care.[42]

9.4.   These acts or omissions by Defendant, singularly or in any combination by Defendant are a proximate cause of the damages suffered by Plaintiffs. Accordingly, Plaintiffs seek their actual damages, exemplary damages, court costs, and reasonable and necessary attorneys' fees.[43]

## X.   AGENCY

10.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

10.2.   All acts by Defendant were undertaken and completed by its officers, agents, servants, employees, and/or representatives. All such acts were either done with the full

---

[41] *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 148 n.60 (Tex. 2022) (citing *Viles v. Sec. Nat'l Ins. Co.*, 788 S.W.2d 566, 568 (Tex. 1990) (holding that the special relationship in the insurance context imposes a "duty to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals there is a reasonable basis to do so"). See also, *Lyons v. Millers Cas. Ins. Co. of Tex.*, 866 S.W.2d 597, 601 (Tex. 1993) (holding that bad faith focuses on the reasonableness of the insurer's conduct in rejecting a claim). See also, *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990) (describing the duty of good faith and fair dealing as focused on "the processing and payment of claims").
[42] *Id.*
[43] *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (attorney's fees for negligence actions available under equity).

authorization or ratification of Defendant and/or were completed in its normal and routine course and scope of employment.

10.3. Defendant and Defendant's assigned adjuster's conduct constitute(s) multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a).

10.4. All violations under this subsection are made actionable by TEX. INS. CODE §541.151.

10.5. Defendant is liable for the unfair and deceptive acts of its assigned adjuster because he/she meets the definition of a "person" as defined by the Texas Insurance Code. The term "person" is defined as any "individual, corporation, association, partnership, reciprocal or inter insurance exchange, Lloyd's plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added); *see also Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a person for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

## XI.   WAIVER AND ESTOPPEL

11.1. Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

11.2. Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## XII.   NOTICE OF INTENT TO USE DISCOVERY

12.1.   Plaintiffs give notice of their intent to use documents and other tangible items produced in discovery against the party or parties producing same in all pretrial matters and trial of this Lawsuit.

## XIII.   ECONOMIC AND ACTUAL DAMAGES

13.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

13.2.   The above-described acts, omissions, failures, and conduct of Defendant have caused Plaintiffs' damages, which include, without limitation, the remaining costs to properly repair Plaintiffs' Property and any investigative and engineering fees incurred therein. Plaintiffs are entitled to recover their out-of-pocket damages, costs of mitigation, lost time, loss of use, and expectancy damages. Plaintiffs are further entitled to recover consequential damages from Defendant's breach of its duty of good faith and fair dealing. As this is an action for bad faith insurance practices, Plaintiffs are also entitled to recover extracontractual damages for economic and personal injuries. Plaintiffs are further entitled to recover the amount of their claim plus prejudgment interest, post-judgment interest and attorneys' fees. All the damages described herein are within the jurisdictional limits of the Court.[44]

## XIV.   ADDITIONAL DAMAGES

14.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

14.2.   Defendant has "knowingly" and "intentionally" committed deceptive trade

---

[44] *See* TEX. BUS. & COM. CODE §17.50(b)(1); TEX. BUS. & COM. CODE §17.50(b)(4); TEX. BUS. & COM. CODE §17.50(h); TEX. INS. CODE §541.152(a)(1); TEX. INS. CODE §541.152(a)(3); TEX. INS. CODE §541.152(b); TEX. INS. CODE §542.060(a) and TEX. INS. CODE §542.060(c).

practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages and/or treble damages as authorized by the Texas Insurance Code[45] and Texas Deceptive Trade Practices Act.[46]

## XV.   ATTORNEY'S FEES

15.1.   Plaintiffs incorporate herein by reference all facts and allegations set forth above as if said allegations were fully set forth herein.

15.2.   Plaintiffs have retained Ensley Benitez Law, P.C., to represent them due to Defendant's actions.  Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and costs incurred, including all charges and costs of court, as well as all such fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by: (a) Chapter 38 of the Texas Civil Practices and Remedies Code;[47] (b) Section 541.152 of the Texas Insurance Code;[48] (c) Section 17.50(d) of the Texas Deceptive Trade Practices Act;[49] and (d) common law.[50]

---

[45] TEX. INS. CODE §541.152.

[46] TEX. BUS. & COM. CODE §17.50(b)(1).

[47] TEX. CIV. PRAC. & REM. CODE §38.001.

[48] TEX. INS. CODE §541.152(a)(1).

[49] TEX. BUS. & COM. CODE §17.50(d).

[50] *Nationwide Mut. Ins. v. Holmes*, 842 S.W.2d 335,341 (Tex. App.—San Antonio 1992, writ denied); *Baja Energy Inc. v. Ball*, 669 S.W.2d 836, 838-39 (Tex. App.—Eastland 1984, no writ); *Knebel v. Capital Nat'l Bank*, 518 S.W.2d 795, 799 (Tex.1974) (recognizing that attorney fees can be awarded under equity).

---

**PLAINTIFFS' FIRST AMENDED COMPLAINT**                                                                 **PAGE 16 OF 18**

## XVI.  PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs Johnny McGee and Michelle McGee respectfully pray that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant ASI Lloyds as follows:

a. Economic, Actual, and Consequential damages suffered, as requested herein;

b. Additional Damages as requested herein;

c. Prejudgment and postjudgment interest at the maximum rate allowed by law as requested herein;

d. Reasonable and necessary attorneys' fees, and costs of court, including additional contingent amounts in the event of an appellate proceeding as requested herein; and

e. Such other and further relief to which Plaintiffs may be entitled at law or in equity, whether pled or unpled.

        Respectfully submitted,

        **ENSLEY BENITEZ LAW, P.C.**

        By: */s/ Nicole S. Terrill*
        Karen Ensley        SBN 24045835
        karen@eblawtexas.com
        Brian L. Benitez        SBN 24082679
        brian@eblawtexas.com
        Nicole S. Terrill        SBN 24090131
        nterrill@eblawtexas.com
        Merit Tower
        12222 Merit Drive, Ste 900
        Dallas, Texas 75251
        Ph: 469-983-6500
        Fax: 469-983-7070
        **COUNSEL FOR PLAINTIFFS JOHNNY MCGEE AND MICHELLE MCGEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure on this the 24th day of May, 2023:

**Via E-Mail: mkolodoski@thompsoncoe.com**
**Via E-Mail: jwiggins@thompsoncoe.com**
Matthew J. Kolodoski
John M. Wiggins
THOMPSON, COE, COUSINS & IRONS, L.L.P.
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201
Telephone (214) 871-8200
Facsimile (214) 871-8209
**COUNSEL FOR DEFENDANT ASI LLOYDS**

        */s/ Nicole S. Terrill*
        Attorney for Plaintiffs